FILED
98 MAY 18 PM 12:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WAYLON DWIGHT PERRY,      )
                          )
        Petitioner,       )
                          )
vs.                       )      Case No. CV 96-P-1119-NE
                          )
RON SUTTON, Warden;       )
and ATTORNEY GENERAL OF   )
THE STATE OF ALABAMA,     )
                          )
        Respondents.      )

ENTERED
MAY 19 1998

MEMORANDUM OPINION

The magistrate judge filed his second report and recommendation in the above-styled cause on April 13, 1998, recommending that the motion for summary judgment filed by the respondents on December 22, 1997, be granted and the petition for habeas corpus denied and dismissed with prejudice. Petitioner filed his objections to the report and recommendation on April 24, 1998.

The sole remaining issue[1] dealt with by the motion for summary judgment was whether petitioner received ineffective assistance of counsel during his 1988 trial because counsel failed

---

[1] All other claims in the habeas petition were denied and dismissed by the court's order of September 26, 1997.

1

to challenge the peremptory exclusion of black jurors by the prosecution under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986). Although the court had referred that issue to the magistrate judge for an evidentiary hearing, he canceled the hearing after the respondents filed the motion for summary judgment. After receiving briefs from the parties, the magistrate judge concluded that counsel was not ineffective at a trial in 1988 when he failed to raise a Batson objection, on behalf of a white defendant, to the exclusion of black jurors. Quoting language from Batson, the magistrate judge pointed out that the Supreme Court held that a *prima facie* showing of discriminatory striking could be made only by showing that the jurors stricken were of the same race as the defendant. Although the Supreme Court significantly broadened Batson three years later in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed. 2d 411 (1991), counsel could not be said to be constitutionally ineffective for failing to make an objection in 1988 that did not appear to be available to him at that time.

In his objections to the report and recommendation, petitioner argues that Alabama law in 1988 was already broader than Batson, and did not contain the limitations later removed by Powers. Consequently, petitioner contends that counsel was ineffective because, based on Alabama law and not federal law, he could have objected to the exclusion of black jurors even though he

2

is white. Petitioner cites principally the decision in <u>Ex parte Branch</u>, 526 So. 2d 609 (Ala. 1988), for the proposition that Alabama law prohibited the discriminatory exclusion of black jurors but made no reference to the race of the defendant as relevant to the showing necessary to prevail. Thus, he asserts that even in 1988, Alabama law recognized the right of a white defendant to challenge the discriminatory exclusion of black jurors.

A careful reading of <u>Branch</u> and <u>Ex parte Jackson</u>, 516 So. 2d 768 (Ala. 1986), a case cited frequently for authority in <u>Branch</u>, fails to establish that Alabama law was any broader than federal law in the aftermath of <u>Batson</u>. First, <u>Jackson</u> quotes the very same passage from <u>Batson</u> the magistrate judge quoted in his report and recommendation for the delineation of the *prima facie* showing required to state an objection. <u>See</u> <u>Ex parte Jackson</u>, 516 So. 2d 768, 772 (Ala. 1986). Crucial to that showing was the fact that the defendant and excluded jurors were of the same race. Further, both <u>Jackson</u> and <u>Branch</u> involved black defendants, not white defendants attempting to assert a <u>Batson</u> objection to the exclusion of black jurors. <u>See</u> <u>Jackson v. State</u>, 516 So.2d 726, 759 (Ala. Crim. App. 1985), <u>remanded</u>, 516 So. 2d 768 (Ala. 1986); <u>Ex parte Branch</u>, 526 So. 2d 609, 611 (Ala. 1988). A reasonable defense attorney reading these cases in 1988 would not have gleaned from them that Alabama law allowed a white defendant to raise a

3

Batson objection to the striking of black jurors, particularly in light of Batson's explicit requirement that the defendant and excluded juror be of the same race. Neither Branch nor Jackson suggests, much less holds, that the defendant and juror can be of different races, and the facts in each involved a black defendant objecting to the discriminatory striking of black jurors. Neither of these cases would have prompted a lawyer representing a white defendant to raise a Batson objection concerning black jurors.

Counsel representing petitioner was not constitutionally ineffective because he failed to raise a Batson objection for a white defendant in 1988. The court concurs with the conclusion reached by the magistrate judge, and hereby ADOPTS the report and ACCEPTS the recommendation. The petitioner's objections are OVERRULED and REJECTED. By separate order the motion for summary judgment will be GRANTED and the habeas petition DENIED and DISMISSED WITH PREJUDICE.

DATED this 18= day of May, 1998.

SAM C. POINTER, JR.
CHIEF JUDGE